[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY
The plaintiff moves to modify the orders entered pursuant to a decree of dissolution of marriage dated June 27, 1986.
At the time of the dissolution, the parties had entered into a written agreement which was incorporated in the decree pertaining to paragraphs 2 through 11.
The decree provided for joint custody of the minor children with physical possession and residence with the plaintiff. The defendant was ordered to pay as child support for each child the sum of $350 per month until age 18 or 19 if still in high school. Each party was to take a dependent deduction for federal tax purposes. Medical insurance was available through the plaintiff's employment and she provided the coverage. However, in the event of loss of employment, the defendant was to provide the medical coverage for the minor children.
The defendant was ordered to pay $50.00 per month alimony until the happening of certain events recited in the decree.
The plaintiff was to receive no less than $100,000.00 out of the proceeds of the sale of the marital residence. Her interest having been 60%, to 40% for the defendant.
The plaintiff has paid for the unreimbursed medical expenses of the minor children. She further has been paying the medical insurance premiums.
The plaintiff has been unemployed receiving unemployment benefits amounting to $272.00 per week with two weeks eligibility remaining.
The plaintiff has had a serious medical condition for which she is indebted for medical bills which appear on her financial affidavit of $2,650.00. The other larger liability of $5,000.00 is owed to the plaintiff's mother. The plaintiff has a large Visa card obligation.
The plaintiff has made a diligent effort to find CT Page 964 employment.
The defendant concedes that his circumstances have substantially changed since the entry of the decree. The defendant further argues that the increases sought by the plaintiff are unreasonable and unsupported by law.
The plaintiff concedes the defendant to be a good father.
The defendant's good fortune has substantially increased by his efforts in his business. On June 25, 1986, (see pleading #120), the financial affidavit of the defendant showed net wages of $300.00 per week. His net wages of his financial affidavit signed July 7, 1990 is $2,180.67 per week. The defendant has remarried and his present wife's income is $100,000.00 per year. The income of his present wife will not be considered in this motion for modification. The defendant now has increased his style of living commensurate with his substantial increase in income. The plaintiff and the minor children have maintained the same style of living since the date of the decree of dissolution.
The plaintiff invested her net proceeds from the division of the assets at the time of the dissolution in a condominium maintained for her home and the children. The plaintiff has assets of $72,958.10 presently. The plaintiff did not dissipate her assets after the dissolution.
It is not uncommon nor surprising that the plaintiff would be moved to seek a modification for herself and the children when seeing the different style of living of her former spouse. Also the plaintiff seeks to provide increased benefits for the children during their minority notwithstanding that the parties may in the future provide college education.
The defendant's financial affidavit shows about $450.00 per week available after weekly expenses have been deducted. The defendant's financial affidavit expenses are predicated on showing his share of the expenses only, not total expenses. Apparently, the other one-half expenses is being paid by his present spouse. The net assets of the defendant are $148,250.00.
The defendant agrees that the children should receive greater benefits because of his greater ability to now support them in a better style. It would be inequitable to be bound by the federal support guidelines in this case. CT Page 965
The plaintiff's combined income with her unemployment benefits, alimony and child support amounted to $22,500.00 per year. She now seeks $400.00 per week for each child and $500.00 per week alimony, unreimbursed medical expenses for the children and counsel fees.
The motion to modify is granted and the Court enters the following orders:
(a) The defendant shall pay as child support the sum of one hundred fifty ($150.00) dollars per week for each child for the term provided in the written agreement incorporated in the decree.
(b) The defendant shall pay the unreimbursed medical expenses for the minor children.
(c) The defendant shall pay the sum of three hundred ($300.00) dollars per week alimony which shall continue until either of the events provided for in the original decree dated June 27, 1986 occur.
The Court further orders counsel fees in the amount of $500.00 to be paid by the defendant within 30 days.
The orders of this Court are payable commencing August 10, 1990.
FRANK S. MEADOW, J.